UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE H. SLOPPY,

    Petitioner,

v.                                        Case No. 8:17-cv-1746-T-33TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Lee H. Sloppy, a Florida prisoner, filed a *pro se* amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 18) and memorandum of law (Doc. 19) challenging his Pinellas County convictions. Respondent filed a response (Doc. 27), and Sloppy filed an amended reply (Doc. 36). Upon consideration, Sloppy's petition is DISMISSED as time-barred.

**Procedural History**

Sloppy is incarcerated on judgments entered in three state cases, CRC14-01873CFANO ("case 01873"), CRC14-09360CFANO ("case 09360"), and CRC14-10641CFANO ("case 10641"). Sloppy only challenges the judgment entered in case 10641. In that case, he was charged with one count of burglary and two counts of dealing in stolen property. (Doc. 11, Ex. 6). Sloppy pleaded guilty. (Doc. 11, Ex. 7). The state court sentenced him to concurrent terms of 15 years in prison. (Doc. 11, Ex. 9). Sloppy did not appeal. The court granted his motion for clarification and ordered an amendment

to the written sentence reflecting the court's oral pronouncement that his sentence would run concurrent to the sentence entered in case 01873. (Doc. 11, Exs. 10, 13).[1] The court denied Sloppy's subsequent motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a), which challenged the sentences imposed in all three cases. (Doc. 11, Ex. 15). The state appellate court affirmed with respect to the claim involving case 10641, but reversed on a claim involving case 09360. *Sloppy v. State*, 208 So.3d 313 (Fla. 2d DCA 2016).[2] Sloppy's second motion to correct illegal sentence was dismissed as successive. (Doc. 11, Exs. 29, 30). Sloppy did not appeal.

## Timeliness Of Federal Habeas Petition

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). AEDPA provides a one-year limitations period for filing a § 2254 petition. This period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Sloppy's judgment was entered on September 5, 2014. (Doc. 11, Ex. 9). Because Sloppy did not appeal within 30 days, his judgment became final on October 6, 2014. *See Booth v. State*, 14 So.3d 291, 292 (Fla. 1st DCA 2009) ("Appellant did not appeal his

---

[1] Because the sentence in case 01873 was concurrent to the sentence in case 09360 (Doc. 11, Ex. 4, p. 4), the sentences entered in all of Sloppy's cases are concurrent.

[2] When the postconviction court consequently granted relief in case 09360, Sloppy appealed and again raised a challenge to case 10641. (Doc. 11, Ex. 35). The state appellate court *per curiam* affirmed the postconviction court. (Doc. 29, Ex. 38).

judgment and sentence. Thus, his judgment and sentence became final 30 days later when the time for filing an appeal passed.").[3]

Sloppy then had one year to file his federal habeas petition. Twenty-nine days of untolled time passed before Sloppy filed his motion for clarification on November 4, 2014. The motion was granted on January 7, 2015,[4] and Sloppy had until February 6, 2015, to file an appeal.[5] When he did not do so, the AEDPA limitations period began running again the next day, February 7, 2015. Sloppy had 336 days, until January 8, 2016, to file his federal habeas petition or another collateral motion in state court that tolled the AEDPA limitations period. But Sloppy did not file his federal habeas petition or a tolling application by this deadline. He did not file his motion to correct illegal sentence until January 15, 2016, and did not file his federal habeas petition until 2017. Therefore, the one-year AEDPA limitations period expired before Sloppy filed his habeas petition.

Sloppy contends that during this period, he filed another tolling application. Specifically, on April 20, 2015, he filed a motion seeking transcripts of his sentencing proceedings. (Doc. 11, Ex. 14, p. 1). But this motion for transcription was not an "application for collateral review" that tolled Section 2244(d)'s limitations period because

---

[3] Since the thirtieth day, October 5, 2014, was a Sunday, Sloppy had until Monday, October 6, 2014, to file his appeal. *See* Fla. R. App. P. 9.420(e); Fla. R. Jud. Admin. 2.514(a)(1)(C).

[4] Sloppy asserts that when the court granted his motion, it created a "new" judgment that reset his one year limitations period. However, no "new" judgment was entered for purposes of determining timeliness. The amendment to Sloppy's written sentence merely clarified that, in accordance with the court's oral pronouncement, the sentences were to run concurrent to the sentence in case 01873. *See Booth v. Sec'y, Dep't of Corr.*, 729 Fed. App'x 861, 862-63 (11th Cir. 2018) (an order reflecting that sentences were concurrent, not consecutive, did not result in a new judgment–and, therefore, a new start to the limitations period–because it "did not authorize Booth's confinement, nor did it vacate any of his sentences and replace them with new ones.").

[5] Although the court granted Sloppy's motion, it advised him that he had 30 days to file an appeal.

it did not require the court to consider Sloppy's convictions and sentences. "The Supreme Court defines 'collateral review' as any 'judicial reexamination of a *judgment or claim* in a proceeding outside of the direct review process." *Rogers v. Sec'y, Dep't of Corr.*, 855 F.3d 1274, 1275 (11th Cir. 2017) (quoting *Wall v. Kholi*, 562 U.S. 545, 553 (2011)) (emphasis added). Accordingly, Sloppy's petition is untimely.

Sloppy argues in his reply that, even if the Court determines his petition is untimely, he qualifies for equitable tolling. AEDPA's one-year limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner can only obtain equitable tolling if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

Sloppy contends that he is entitled to equitable tolling because he is a layperson and had limited law library access in prison and because the state courts have failed to grant relief. These are not bases for equitable tolling. *See Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001) (general claims about an allegedly deficient prison law library were insufficient to establish an "extraordinary circumstance" justifying equitable tolling); *Perez v. Florida*, 519 Fed. App'x 995, 997 (11th Cir. 2013) (a petitioner's "lack of a legal education and related confusion or ignorance about the law" do not warrant equitable tolling). Further, Sloppy does not provide any authority providing that the state courts' denial of his claim can amount to an "extraordinary circumstance" for equitable

tolling purposes, nor does he explain how the denial prevented him from timely filing his habeas petition.

In his reply, Sloppy also references a manifest injustice. To the extent he asserts that his petition should be considered timely because he has established his actual innocence, his claim fails. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."). Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To prove his innocence, Sloppy must present "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Sloppy has not presented any new evidence showing that he is actually innocent of burglary and dealing in stolen property.

Because Sloppy did not file his petition within one year of the date his state court judgment became final and because he does not establish entitlement to equitable tolling or his actual innocence, his petition must be dismissed as time-barred.

**Standard Of Review/Exhaustion Of State Remedies And Procedural Default**

Alternatively, even if Sloppy's petition was timely, he would not be entitled to relief. Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal habeas petitioner must exhaust his claims for relief by raising them in state court before presenting them in his petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before

he presents those claims to a federal court in a habeas petition.").

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). "If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

**Discussion**

Ground One

Sloppy asserts that the written sentence entered in case 10641 does not comport with the court's oral sentence. Specifically, he claims that the court orally pronounced that the sentence in this case would be coterminous with sentences he had already received in the other cases, but that the written sentence does not reflect coterminous sentences. He claims violations of his Eighth and Fourteenth Amendment rights.

Sloppy failed to exhaust the federal constitutional dimension of his claim in state court. Sloppy states in his reply that his claim involves the state court's denial of his first motion to correct illegal sentence. (Doc. 36, p. 36). But when he raised the alleged discrepancy between the oral and written sentences in that motion, Sloppy did not present a federal constitutional claim. (Doc. 15, pp. 3-14). Sloppy cannot return to state court and file a successive motion to again challenge the validity of his sentence based on the alleged discrepancy. *See* Fla. R. Crim. P. 3.800(a)(2) ("A court may dismiss a second or successive motion if the court finds that the motion fails to allege new or different grounds

for relief and the prior determination was on the merits.").[6]  Accordingly, Sloppy's claim is procedurally defaulted.  *See Smith*, 256 F.3d at 1138.

Sloppy argues in his reply that he has established the cause and prejudice exception.  He appears to argue that cause lies in the state court's refusal to grant his meritorious claim.[7]  To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense *impeded the effort to raise the claim properly in state court*."  *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999) (emphasis added).  Sloppy's allegation does not explain why he failed to raise a federal constitutional claim in state court when he had the opportunity to do so.  He does not establish that the cause and prejudice exception applies to excuse the default of this claim.  Nor does he demonstrate applicability of the fundamental miscarriage of justice exception.

Finally, notwithstanding Sloppy's failure to properly raise the federal claim in state court, Sloppy fails to show entitlement to relief.  While Sloppy only challenges the judgment in case 10641, a brief discussion of his other cases is necessary to analyze his claim.

In February 2014, Sloppy was charged with one count of burglary in case 01873,

---

[6] Sloppy raised the constitutional claim in his second motion to correct illegal sentence. However, that motion was dismissed as successive because it sought the same relief as his previous motion. (Doc. 11, Ex. 30).  Thus, it was resolved through the application of an independent and adequate state procedural bar.  *Canifl v. Moore*, 269 F.3d 1245, 1247 (11th Cir.2001); *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).  Accordingly, the constitutional claim is procedurally defaulted.  *See Harris v. Reed*, 489 U.S. 255, 262 (1989).  Sloppy does not establish that an exception applies to overcome the default.

[7] Sloppy states:

> Cause is to prevent a favorable outcome for Petitioner who[] has overwhelming merit from the face of the record and who is entitled to the benefits and relief of a coterminous imposition.  The State has its own interest at heart and seeks to prevent any backlash from a mistake or misapprehension on the part of the court from granting Petitioner the relief entitled, whether that backlash be from colleagues or public citizens.

(Doc. 36, p. 37).

and in May 2014, he was charged with one count of failure to appear in case 09360. It appears that Sloppy was taken into custody on these cases on June 6, 2014. He entered guilty pleas on June 27, 2014. Although Sloppy qualified as a violent career criminal ("VCC") and therefore faced up to 40 years' imprisonment for burglary, the court agreed to impose a 15-year sentence as a prison releasee reoffender ("PRR") because Sloppy took responsibility for the crimes and pleaded early in the proceedings. (Doc. 11, Ex. 3, pp. 50-52, 56-57; Exs. 4, 5). He received 21 days of credit for time served in each case. (Doc. 11, Exs. 4, 5).

On July 23, 2014, the State charged Sloppy in case 10641, the case he currently challenges. (Doc. 11, Ex. 6). On September 5, 2014, Sloppy pleaded guilty and was sentenced to terms of 15 years in prison, concurrent with the sentences entered in cases 01873 and 09360.

Before Sloppy entered his plea, the parties and court discussed Sloppy's change of plea and sentence:

> THE COURT: All right. Lee Sloppy is - - the case number is 14-10641, a burglary and two counts of dealing in stolen property, right?
>
> [COUNSEL]: Yes, sir. Mr. Sloppy actually pled to a residential burglary and got a 15-year minimum mandatory PRR sentence back on June 27th, and I guess this charge came in right after he was sentenced.
>
> THE COURT: All right. So the burg and two DSPs came in later?
>
> [COUNSEL]: Yes, sir. He - -
>
> (Attorney-client conference.)
>
> [COUNSEL]: Yes, so he pled to those.
>
> THE COURT: They noticed him as a PRR?

[COUNSEL]: Yes, sir. And he was just looking for a concurrent 15 on this.

THE COURT: All right. How long has he been in? Because the issue's going to be - -

[COUNSEL]: Approximately - -

THE CLERK: 75 days on the - - on this charge, 71 days.

THE COURT: I know, but he - - if he was sentenced on 6/27, I'm assuming did he have credit in at that point on the other ones?

And I'm assuming you want me to consider equitable credit on the thing because they could have brought it in at the same time and theoretically he would have resolved everything on 6/27, right?

THE DEFENDANT: 6/26.

[COUNSEL]: Perhaps. Perhaps.

THE COURT: You don't know what he had in on the other case at the time of the sentencing?

[COUNSEL]: No, sir. Usually they give me the old file with it - -

THE CLERK: Twenty-one days.

[COUNSEL]: - - but I just didn't get that.

THE COURT: He only had 21 at the time?

THE CLERK: That's - -

THE COURT: As of 6/27?

THE CLERK: That's correct.

THE COURT: Well, but he's still got - - he came in when on this? Did they hit him with it on 6/27?

[THE STATE]: Yeah.

THE CLERK: I couldn't tell you, Judge.

[COUNSEL]: Yes, one day after the sentence.

THE COURT: Well, so I guess it only makes a 21-day difference anyway. If he had 300 days in it'd make a difference, but - -

[COUNSEL]: Right.

THE COURT: - - I don't have a problem giving him all of the credit back to the time that he was originally taken in. So that's what, 6/6?

THE CLERK: Ninety-two? That would be 92 days?

THE COURT: Whatever it is. Whatever - -

THE CLERK: It's the 70 - - 71 plus the 21.

THE COURT: Okay. So I'll - - yeah. I mean I don't have a - - do you have a problem with a concurrent sentence, State?

[THE STATE]: No. I mean you would be waiving a VCC on that?

THE COURT: Well, I did on the other one, right?

[COUNSEL]: Yes, sir.

[THE STATE]: I don't have the other one in front of me.

THE COURT: Was that because he came in and admitted to it and accepted responsibility early? Was that the reason I did it?

[COUNSEL]: The first pretrial. The first pretrial.

THE COURT: This is also first, right?

[COUNSEL]: It is.

THE COURT: Yeah. I don't have any issue with that. So it's 15 PRR on the burg concurrent. **And based on the credit we're giving him, and the fact it's coterminous because I'm giving him the extra 21 days he had in, so he'll get credit for 92. Basically we're making it as if he had pled to everything at the same time for the credit that he had in; we just didn't know about it at the time.**

So it's as a PRR on the burg. On the two dealings it'll be a concurrent 15. The credit we're talking about - - and it's day-for-day concurrent with the day-for-day he got on the other charge.

(Doc. 11, Ex. 8, pp. 34-37) (emphasis added).

The court then conducted a plea colloquy with Sloppy, accepted his plea as freely and voluntarily entered, and sentenced Sloppy as follows:

> We're waiving VCC based on his early acceptance of responsibility and to run it concurrent with the other case, so I'll find it's not necessary to impose the violent career criminal statute. I will impose the PRR on the burglary. I'll adjudicate him guilty, 15 years Department of Corrections. Credit for the time served we've talked about, the 92 days, so it runs the same as the other sentence.
>
> On the dealing it'll be an adjudication, 15 years on each of those concurrent with Count 1. There is no minimum mandatory that applies; it's just a concurrent 15. Again, credit for 92 days.

(*Id.,* p. 41).

Sloppy argues that the court orally pronounced his sentence to be coterminous with the sentences he was already serving in his other cases. The written sentence contains no mention of coterminous sentences. (Doc. 11, Ex 9). Sloppy contends that this discrepancy renders his sentence illegal and that his written sentence must be changed to reflect coterminous sentences. *See Williams v. State*, 957 So.2d 600, 603 (Fla. 2007) ("[The Florida Supreme Court] has held that a court's oral pronouncement of a sentence controls over the written sentencing document. . . . In effect, . . . we have determined that a written sentence that conflicts with the oral pronouncement of a sentence imposed in open court is an illegal sentence."). After imposition of the sentence in case 10641, which is the subject of this petition, Sloppy's written sentence in case 09360 was amended to reflect a sentence of five, not 15, years in prison for the charge of failure to appear. (Doc. 11, Ex. 31). Therefore, Sloppy appears to contend, because the court orally pronounced that the sentence in case 10641 was concurrent and coterminous with his other sentences,

he is entitled to release on all cases when he completes his five-year sentence for failure to appear in case 09360.

Sloppy cannot obtain federal habeas relief. First, Sloppy appears to present a question of state law: whether his sentences are legal under Florida law concerning inconsistencies between oral and written sentences. See Doc. 36, p. 20 ("Petitioner asserts the lower court judge breached state-law duty and . . . the Petitioner seeks relief for breach of state-law duty."). Matters of state law are not cognizable on federal habeas review. See Branan v. Booth, 861 F.2d 1507, 1508 ("[A] habeas petition grounded on issues of state law provides no basis for habeas relief."). That Sloppy frames the argument to allege a federal constitutional violation does not affect cognizability. See id. ("This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976))).

Notwithstanding, Sloppy fails to show that his sentence is illegal so as to result in a federal constitutional violation. In discussing his plea in case 10641, the trial court realized that the State could have charged Sloppy earlier, when he was first taken into custody on June 6, 2014, on his other cases. Further, defense counsel informed the trial court that a 15-year sentence had been imposed in Sloppy's earlier case. (Doc. 11, Ex. 8, p. 34). In light of this information, and apparently attempting to head off a future claim for additional jail credit, the court expressed its intent to award Sloppy the extra 21 days of jail credit in case 10641 that he would have received had the State charged him when he was taken into custody. The court explained that his would place Sloppy in the position of having received concurrent 15-year sentences, with the same amount of jail credit, on his

current and prior cases. Taken in context, therefore, the court's use of the word "coterminous" prior to accepting Sloppy's plea and imposing sentence refers to the amount of jail credit Sloppy was to receive. Further, the court's oral pronouncement of the sentence after accepting Sloppy's plea did not impose "coterminous" sentences.[8] Under these circumstances, Sloppy has failed to show any illegality in his sentence that has caused a violation of his federal constitutional rights. Sloppy is not entitled to relief on Ground One.

Sloppy's Reply

In his reply, Sloppy appears to raise a new claim for relief, alleging that the government has breached his plea agreement by not recognizing his sentences as coterminous. He seeks specific performance of the alleged agreement for coterminous sentences. Sloppy is prohibited from bringing a new claim in his reply. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("We do not address arguments raised for the first time in a *pro se* litigant's reply brief. *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003). Timson, thus, has abandoned this issue."); *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotation marks and citation omitted). Further, Sloppy's claim fails on the merits, as he does not demonstrate that the government has breached the plea agreement in case 10641.

Accordingly, it is **ORDERED** that Sloppy's amended petition (Doc. 18) is

---

[8] Sloppy points out a handwritten notation on his criminal guidelines sentencing scoresheet that reads, "AG, 15y PRR cc + ct, Rest = TBD." (Doc. 1-1, p. 39). He claims that "ct" stands for coterminous, thereby reflecting the imposition of coterminous sentences. However, the scoresheet is not part of the sentence imposed by the court and as addressed in the body of this Order, the court's use of the word "coterminous" refers to jail credit.

**DISMISSED** as time-barred. The Clerk is directed to enter judgment against Sloppy and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

Sloppy is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). A COA must first issue. *Id.* To merit a COA, Sloppy must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Sloppy has not made the requisite showing. Because Sloppy is not entitled to COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** at Tampa, Florida, on August 20, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Lee H. Sloppy
Counsel of Record